COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Cole and Duff


ROCCO FURTHER PROCESSING
AND
HOME INDEMNITY COMPANY                    MEMORANDUM OPINION[*]
                                              PER CURIAM
v.   Record No. 0153-95-3                  NOVEMBER 21, 1995

LORETTA TURNER LINGENFELTER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Cathleen P. Welsh; Wharton, Aldhizer & Weaver, on
                brief), for appellants.

                (A. Thomas Lane, Jr., on brief), for appellee.



     Rocco Further Processing and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Loretta Turner

Lingenfelter's right lateral epicondylitis qualifies as a

compensable occupational disease within the meaning of "disease"

under the Workers' Compensation Act ("the Act").  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     The facts are not in dispute.  Employer operates a turkey

processing plant.  During the first four years Lingenfelter

worked for employer as an airbagger, she used her right hand to

push meat into a bag.  She did not experience any hand or arm

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pain while performing this task.  Employer subsequently began rotating its employees, including Lingenfelter, between approximately seven different tasks during each shift.  In one of these jobs, Lingenfelter stripped meat out of a plastic wrapper using a finger knife.  In approximately mid-November 1993, she began to notice right arm pain while performing this task on a new ham product which employer was testing.  After the pain gradually worsened, Lingenfelter sought medical treatment from Dr. Galen G. Craun, Jr., an orthopedic surgeon.

On December 15, 1993, Lingenfelter complained of severe right elbow pain to Dr. Craun.  Dr. Craun diagnosed right lateral epicondylitis caused by Lingenfelter's job duties which required her to use her right upper extremity to strip ham casings. Relying upon Dr. Craun's opinions, the commission found that Lingenfelter's right lateral epicondylitis constituted a "disease" caused by her employment.

In Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993), we defined "disease" as
> any deviation from or interruption of the
> normal structure or function of any part,
> organ, or system (or combination thereof) of
> the body that is manifested by a
> characteristic set of symptoms and signs and
> whose etiology, pathology, and prognosis may
> be known or unknown.

"[T]he definition enunciated in Piedmont [has been recognized by this Court] as the general and accepted meaning of the term 'disease,' a term which is presumed to be known by the

legislature and is employed by it without restriction in Code §§ 65.2-400 and 65.2-401." Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995).

Epicondylitis is defined as "inflammation of the epicondyle or of the tissues adjoining the epicondyle of the humerus." Dorland's Illustrated Medical Dictionary 450 (26th ed. 1985). Using this general medical definition of epicondylitis, as we did for carpal tunnel syndrome in Perdue, we find that it places epicondylitis within the definition of disease set forth in Piedmont and approved of in Perdue.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We will uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, Lingenfelter's condition did not present as an obvious, sudden, mechanical or structural change in her body. Rather, credible evidence supports the commission's finding that Lingenfelter's right lateral epicondylitis is a condition characterized as a "disease" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

Affirmed.

---

[1] In response to an August 30, 1994 letter from employer's attorney, Dr. Craun defined right lateral epicondylitis in a manner consistent with this general medical definition.